**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:____________

TRACIE N. JOHNSON-HATHORN,

Plaintiff,

v.

WALT DISNEY PARKS AND RESORTS U.S., INC.,
CARLISLE SYNTEC SYSTEMS d/b/a CARLISLE CONSTRUCTION MATERIALS, MULE-HIDE PRODUCTS CO., INC., and
XYZ ROOFING COMPANY.

Defendants.
________________________________________/

## COMPLAINT

**COMES NOW**, Plaintiff, TRACIE N. JOHNSON-HATHORN (hereinafter "HATHORN"), by and through undersigned counsel, brings this civil action against Defendants and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for damages arising from Plaintiff, HATHORN's exposure to toxic fumes and vapors from a defective and unreasonably dangerous roofing adhesive product on or about August 29, 2024, while a guest at the SHADES OF GREEN RESORT (hereinafter "SHADES OF GREEN") at Walt Disney World Resort, located at 1950 W. Magnolia Palm Drive, Lake Buena Vista, Florida 32830, in Orlando, Florida, on or about August 29, 2024.

## PARTIES

2. At all times material hereto, Plaintiff, HATHORN was and is a resident of Fort Myer, Virginia.

3. Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. (hereinafter "DISNEY RESORT") is a corporation organized and existing under the laws of Florida, with its principal place of business located in 1375 E. Buena Vista Drive, 4th Floor, Lake Buena Vista, Florida. Defendant, DISNEY RESORT owns and/or operates the SHADES OF GREEN located at Walt Disney World in Orlando, Orange County, Florida.

4. Defendant, CARLISLE SYNTEC SYSTEMS d/b/a CARLISLE CONSTRUCTION MATERIALS (hereinafter "CARLISLE") is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business located in 1285 Ritner Highway, Carlisle, PA 17013, and is a citizen of Pennsylvania for purposes of diversity jurisdiction. Defendant CARLISLE manufactured the Mule Hide TPO Bonding Adhesive product at issue in this action.

5. Defendant, MULE-HIDE PRODUCTS CO., INC. (hereinafter "MULE-HIDE") is a corporation organized and existing under the laws of Wisconsin, with its principal place of business located in 1195 Prince Hall Drive Beloit, Wisconsin 53511, and is a citizen of Wisconsin for purposes of diversity jurisdiction. Defendant, MULE-HIDE supplied and/or distributed the Mule Hide TPO Bonding Adhesive product at issue in this action.

6. Defendant, XYZ Roofing Company is a fictitious name for the roofing contractor whose true identity is presently unknown to Plaintiff despite diligent efforts, including a Freedom of Information Act request submitted to United States of America, Department of Defense that was not answered. Upon information and belief, Defendant

XYZ ROOFING COMPANY ("XYZ ROOFING") is a Florida entity organized under the laws of Florida, and is a citizen of Florida for purposes of diversity jurisdiction. Upon discovering the true name and identity of this Defendant, Plaintiff will promptly seek leave to amend this Complaint to substitute the true name and serve the identified party.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as this is a civil action between citizens of different States and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. 28 USCS § 1332.

8. There is complete diversity of citizenship among the parties. Plaintiff is a citizen of Virginia; Defendant, DISNEY RESORT is a citizen of Florida; Defendant CARLISLE is a citizen of Pennsylvania; Defendant, MULE-HIDE is a citizen of Wisconsin; and Defendant, XYZ ROOFING COMPANY is believed to be a citizen of Florida.

9. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, based on the nature and extent of Plaintiff's injuries, including permanent disability, past and future medical expenses, past and future lost wages and loss of earning capacity, and pain and suffering.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, specifically in Orlando, Orange County, Florida, where the SHADES OF GREEN RESORT is located and where Plaintiff was injured on August 29, 2024.

## FACTUAL ALLEGATIONS

11. On or about August 29, 2024, Plaintiff, HATHORN was attending a work-related function at the SHADES OF GREEN RESORT located at Walt Disney World in Orlando, Orange County, Florida.

12. At all times material hereto, Plaintiff was a guest of the SHADES OF GREEN.

13. The SHADES OF GREEN is owned and/or operated by Defendant, DISNEY RESORTS.

14. On or about August 29, 2024, Plaintiff was present in a conference room at the SHADES OF GREEN, Magnolia Conference Room.

15. At the same time, Defendant, XYZ ROOFING COMPANY, a roofing contractor performing work for or at the direction of the premises owner/operator, was performing roofing work at or near the conference room where Plaintiff was present.

16. During the course of its roofing work, Defendant XYZ ROOFING COMPANY was utilizing Mule Hide TPO Bonding Adhesive, a product manufactured by Defendant, CARLISLE and supplied by Defendant, MULE-HIDE.

17. The Mule Hide TPO Bonding Adhesive emits toxic fumes, vapors, and other hazardous emissions during application and curing.

18. As a direct and proximate result of exposure to and/or contact with the Mule Hide TPO Bonding Adhesive and/or the toxic fumes, vapors, or other emissions therefrom, Plaintiff sustained serious and permanent personal injuries.

19. Plaintiff's injuries include, but are not limited to, severe respiratory injuries,

reduced and/or loss of vision, chronic eye irritation, respiratory damage, neurological injury, pneumonitis, pharyngitis, chemical sensitization, brain damage, and other conditions related the inhalation of noxious fumes.

**COUNT I — NEGLIGENCE AGAINST DEFENDANT, WALT DISNEY PARKS AND RESORTS U.S., INC.**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

20. Defendant, DISNEY RESORTS owed Plaintiff a duty to maintain the SHADES OF GREEN resort premises in a reasonably safe condition and to protect Plaintiff from foreseeable harm while she was lawfully present on the premises as an invitee and employee.

21. Defendant, DISNEY RESORTS breached its duty of care by one or more of the following acts and omissions:

a. Failing to ensure that roofing work involving toxic and hazardous adhesive products was performed in a manner that would not expose conference attendees and other occupants to harmful fumes, vapors, or emissions;

b. Failing to provide adequate ventilation or air filtration systems to prevent or mitigate exposure to toxic fumes and vapors;

c. Failing to warn Plaintiff and other conference attendees of the hazardous roofing work being performed and the risks of exposure to toxic substances;

d. Failing to relocate the conference or postpone the roofing work to prevent simultaneous occupancy and hazardous work activities;

e. Failing to supervise or require the roofing contractor to implement appropriate

safety protocols to protect persons on the premises;

f. Failing to monitor air quality or detect the presence of hazardous fumes and vapors in occupied spaces; and

g. Otherwise failing to exercise reasonable care for the safety of Plaintiff and other invitees.

22. Defendant, DISNEY RESORTS's breach of duty was the direct and proximate cause of Plaintiff's injuries.

23. As a direct and proximate result of Defendant, DISNEY RESORTS's negligence, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses;

d. Past and future lost wages and loss of earning capacity;

e. Permanent disability; and

f. Other damages permitted by law.

**COUNT II — STRICT LIABILITY (DEFECTIVE PRODUCT) AGAINST DEFENDANT, CARLISLE SYNTEC d/b/a CARLISLE CONSTRUCTION MATERIALS**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

24. Defendant, CARLISLE is engaged in the business of designing,

manufacturing, and placing Mule Hide TPO Bonding Adhesive into the stream of commerce.

25. The Mule Hide TPO Bonding Adhesive manufactured by Defendant, CARLISLE was in a defective condition unreasonably dangerous to users and other persons, including Plaintiff, at the time it left Defendant, CARLISLE'S control.

26. The defective and unreasonably dangerous condition of the Mule Hide TPO Bonding Adhesive included, but was not limited to:

a. Design defects, including the formulation of the adhesive with toxic and hazardous chemicals that emit dangerous fumes and vapors during application and curing;

b. Manufacturing defects that rendered the product more hazardous than intended; and

c. Inadequate warnings and instructions regarding the risks of exposure to fumes, vapors, or emissions from the product, particularly when used in enclosed or poorly ventilated spaces where persons may be present.

27. The Mule Hide TPO Bonding Adhesive was expected to and did reach users and other persons, including Plaintiff, without substantial change in the condition in which Defendant, CARLISLE placed it into the stream of commerce.

28. The defective and unreasonably dangerous condition of the Mule Hide TPO Bonding Adhesive was the direct and proximate cause of Plaintiff's injuries.

29. As a direct and proximate result of the defective and unreasonably dangerous condition of the Mule Hide TPO Bonding Adhesive manufactured by Defendant,

CARLISLE, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses;

d. Past and future lost wages and loss of earning capacity;

e. Permanent disability; and

f. Other damages permitted by law.

**COUNT III — NEGLIGENCE AGAINST DEFENDANT, CARLISLE SYNTEC d/b/a CARLISLE CONSTRUCTION MATERIALS**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

30. Defendant, CARLISLE owed Plaintiff a duty to exercise reasonable care in the design, formulation, manufacture, testing, labeling, and warning of the Mule Hide TPO Bonding Adhesive.

31. Defendant, CARLISLE breached its duty by one or more of the following acts and omissions:

a. Negligently designing and formulating the product to include toxic and hazardous chemicals that emit dangerous fumes and vapors;

b. Failing to design the product to minimize the emission of harmful fumes or vapors;

c. Failing to adequately test the product for safety, including testing for toxicity and risks of exposure in enclosed or occupied spaces;

d. Failing to provide adequate warnings regarding the dangers of exposure to fumes, vapors, and emissions from the product;

e. Failing to provide adequate instructions for safe use, including instructions to ensure adequate ventilation, avoid use in occupied spaces, and implement appropriate protective measures; and

f. Otherwise failing to exercise reasonable care to prevent foreseeable harm to persons exposed to the product.

32. Defendant, CARLISLE's breach of duty was the direct and proximate cause of Plaintiff's injuries.

33. As a direct and proximate result of Defendant, CARLISLE's negligence, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses;

d. Past and future lost wages and loss of earning capacity;

e. Permanent disability; and

f. Other damages permitted by law.

**COUNT IV — STRICT LIABILITY (DEFECTIVE PRODUCT) AGAINST DEFENDANT, MULE-HIDE PRODUCTS CO., INC.**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

34. Defendant, MULE-HIDE is engaged in the business of supplying, distributing, and placing Mule Hide TPO Bonding Adhesive into the stream of commerce.

35. The Mule Hide TPO Bonding Adhesive supplied Defendant, MULE-HIDE was in a defective condition unreasonably dangerous to users and other persons, including Plaintiff, at the time it left Defendant, MULE-HIDE's control.

36. The defective and unreasonably dangerous condition of the Mule Hide TPO Bonding Adhesive included, but was not limited to:

a. Design defects, including the formulation of the adhesive with toxic and hazardous chemicals that emit dangerous fumes and vapors during application and curing;

b. Manufacturing defects that rendered the product more hazardous than intended; and

c. Inadequate warnings and instructions regarding the risks of exposure to fumes, vapors, or emissions from the product, particularly when used in enclosed or poorly ventilated spaces where persons may be present.

37. The Mule Hide TPO Bonding Adhesive was expected to and did reach users and other persons, including Plaintiff, without substantial change in the condition in which Defendant, MULE-HIDE placed it into the stream of commerce.

38. The defective and unreasonably dangerous condition of the Mule Hide TPO Bonding Adhesive was the direct and proximate cause of Plaintiff's injuries.

39. As a direct and proximate result of the defective and unreasonably dangerous condition of the Mule Hide TPO Bonding Adhesive supplied by Defendant, MULE-HIDE, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses;

d. Past and future lost wages and loss of earning capacity;

e. Permanent disability; and

f. Other damages permitted by law.

**COUNT V — NEGLIGENCE AGAINST DEFENDANT, MULE-HIDE PRODUCTS CO., INC.**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

40. Defendant, MULE-HIDE owed Plaintiff a duty to exercise reasonable care in the supply, distribution, labeling, and warning of the Mule Hide TPO Bonding Adhesive.

41. Defendant, MULE-HIDE breached its duty by one or more of the following acts and omissions:

a. Negligently supplying and distributing a product known or that should have been

known to present serious risks of harm from toxic fumes and vapors;

b. Failing to inspect the product for defects;

c. Failing to provide adequate warnings regarding the dangers of exposure to fumes, vapors, and emissions from the product;

d. Failing to provide adequate instructions for safe use, including instructions to ensure adequate ventilation, avoid use in occupied spaces, and implement appropriate protective measures; and

e. Otherwise failing to exercise reasonable care to prevent foreseeable harm to persons exposed to the product.

42. Defendant, MULE-HIDE's breach of duty was the direct and proximate cause of Plaintiff's injuries.

43. As a direct and proximate result of Defendant, MULE-HIDE 's negligence, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses;

d. Past and future lost wages and loss of earning capacity;

e. Permanent disability; and

f. Other damages permitted by law.

**COUNT VI — NEGLIGENCE AGAINST DEFENDANT,**
**XYZ ROOFING COMPANY**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

44. Defendant, XYZ ROOFING owed Plaintiff a duty to exercise reasonable care in performing roofing work at the SHADES OF GREEN RESORT and to protect Plaintiff and other persons lawfully present on the premises from foreseeable harm arising from its work activities.

45. Defendant, XYZ ROOFING breached its duty by one or more of the following acts and omissions:

a. Negligently using Mule Hide TPO Bonding Adhesive in a manner that exposed Plaintiff and other occupants to toxic fumes, vapors, and emissions;

b. Failing to provide adequate ventilation or containment measures to prevent the spread of toxic fumes and vapors to occupied areas;

c. Failing to warn persons in the area, including Plaintiff, of the hazardous work being performed and the risks of exposure;

d. Failing to ensure that the work area was isolated from occupied spaces or that the work was performed at a time when no persons would be exposed;

e. Failing to follow manufacturer instructions, industry standards, and safety protocols for the application of hazardous adhesive products; and

f. Otherwise failing to take reasonable precautions to prevent harm to persons in the vicinity of the roofing work.

46. Defendant, XYZ ROOFING 's breach of duty was the direct and proximate cause of Plaintiff's injuries.

47. As a direct and proximate result of Defendant, XYZ ROOFING's negligence, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses;

d. Past and future lost wages and loss of earning capacity;

e. Permanent disability; and

f. Other damages permitted by law.

**WHEREFORE**, Plaintiff, TRACIE N. JOHNSON-HATHORN respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

A. Awarding compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) to Plaintiff for all injuries and damages sustained, including but not limited to physical pain and suffering, mental anguish, medical expenses, lost wages, loss of earning capacity, permanent disability, and all other damages permitted by law;

B. Awarding pre-judgment and post-judgment interest as provided by law;

C. Awarding costs of this action;

D. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Alejandro J. Gonzalez*
Alejandro J. Gonzalez, Esq.
Florida Bar No. 015293
alex@agonzalezlaw.com
info@agonzalezlaw.com
**GONZALEZ, P.A.**
19 South Krome Ave
Homestead, FL 33030
Tel: (786) 429-1511
*Attorney for the Plaintiff*